UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIE BREVIL,                                         :
                          Plaintiff,                  :
                                                      :
 v.                                                   :
                                                      :
COUNTY OF ROCKLAND, ED DAY, SCOTT                     :
VANDERHOEF, JUNE GRAY, ROCKLAND                       :
COUNTY DEPARTMENT OF SOCIAL                           :
SERVICES, SUSAN SHERWOOD, JOAN                        :
SILVESTRI, BARBARA GAVIN, JOSEPH                      :
FILIPPONE, CARLA ORTIZ, P.T. THOMAS,                  :
SCOTT FIRESTONE, RAM NAGUBANDI, and                   :
JOHN FELLA,                                           :
                          Defendants.                 :
------------------------------------------------------------x

**OPINION AND ORDER**

15 CV 5103 (VB)

Briccetti, J.:

　　　　Plaintiff Marie Brevil, proceeding pro se, brings this action alleging defendants

discriminated and retaliated against her on the basis of her race, gender, national origin, and

religion, and subjected her to a hostile work environment in violation of 42 U.S.C. § 1983, Title

VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq., and the New York

State Human Rights Law, N.Y. Exec. Law § 290 et seq.  Plaintiff also brings claims for

violations of 42 U.S.C. §§ 1981, 1982, 1985, 1986, and the First and Fourteenth Amendments to

the Constitution.  Finally, plaintiff also asserts claims for assault and battery and intentional and

negligent infliction of emotional distress.

　　　　Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule

12(b)(6).  (Doc. #51).

　　　　For the reasons set forth below, defendants' motion is GRANTED.  However, plaintiff is

granted leave to file a second amended complaint, with the limitations explained below.

　　　　The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint ("Am. Compl.") and draws all reasonable inferences in plaintiff's favor.

Plaintiff began her employment as a caseworker for the Rockland County Department of Social Services ("DSS") in June 2007. At least as of the filing of her amended complaint, plaintiff continued to hold that position.

Plaintiff alleges from June 2007 to the present, she has "experience[d] adverse, critical, derogatory and demeaning statements and comments from co-workers and employees and subordinates of defendants." (Am. Compl. ¶ 42). She alleges "senior management" of Rockland County (the "County") and DSS have been "constructively" made aware of the conduct to which plaintiff has been subjected. (Id.).

Plaintiff alleges in April 2013, she was "physically assaulted by defendant Scott Firestone . . . arising out of the racial, gender, and religious animus held by defendants." (Am. Compl. ¶ 43). She alleges Firestone, also a DSS caseworker, was "criminally prosecuted" for the assault but that defendants "formally reprimanded plaintiff for the assault" because "she failed to recognize the personal stress that . . . Firestone was under and therefore the cause of his anger and hostility towards her." (Id. at ¶¶ 44-45). Plaintiff alleges "in the days immediately following the attack by . . . Firestone, plaintiff was forced to take a medically necessary leave of absence from her employment, for treatment of depression, anxiety, and irregular heart beats [sic]." (Id. at ¶ 46).

In addition, plaintiff alleges:

[S]ince the 2013 assault, plaintiff has been isolated, teased, and subjected to cruel treatment by defendants, to wit: admonished not to speak in Creole, even though

her clients sometimes speak the language; admonished about her dress, including a head wrap/scarf, that arises, in large part, because of her religious beliefs; and subjected to constant electronic monitoring of her work, unlike and to a much lesser degree than similarly situated co-workers.

(Am. Compl. ¶ 47).

Plaintiff further alleges from April 2013 to October 2015, she was subjected to "extreme workplace hostility, with constant references by immediate supervisors to her race, religion, nationality and gender." (Am. Compl. ¶ 48).

Plaintiff alleges she informed defendants about these issues, but that "defendants, up to and including defendant Ed Day, trivialize[d], minimiz[ed] and fail[ed] to act on her grievances." (Am. Compl. ¶ 49).

From October 2015 to May 2016, plaintiff took a second leave of absence from work because she was allegedly suffering from "severe health issues" stemming from "the workplace animus she had been experiencing." (Am. Compl. ¶ 50). During this leave, plaintiff claims she was diagnosed with "severe emotional distress, depression, post stress disorder and a heart condition requiring the surgical implantation of a heart monitor." (Id. ¶ 51).

On June 24, 2014, plaintiff filed complaints of discrimination, harassment, and retaliation with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"). By decision dated December 19, 2014, the NYSDHR dismissed the complaint and closed the case. On January 20, 2015, the EEOC issued a Notice of Right to Sue ("EEOC Notice"). Because the initial EEOC Notice was returned to the EEOC as undeliverable, the EEOC re-sent the Notice on April 15, 2015. Plaintiff received the re-sent EEOC Notice on April 20, 2015. She filed this lawsuit on June 30, 2015.

**DISCUSSION**

I.    <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  <u>Id</u>.

Because plaintiff is proceeding <u>pro se</u>, the Court must construe her submissions liberally and interpret them "to raise the strongest arguments that they <u>suggest</u>."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  "Even in a <u>pro se</u> case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Chavis v. Chappius</u>, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks omitted).  Nor may the Court "invent factual

allegations [plaintiff] has not pled."  Id.

II.    DSS

Plaintiff's claims against the DSS must be dismissed because County agencies or

departments do not have the capacity to be sued under New York law.  See Omnipoint

Commc'ns, Inc. v. Town of LaGrange, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New

York, agencies of a municipality are not suable entities."); Hall v. City of White Plains, 185 F.

Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

administrative arms of a municipality do not have a legal identity separate and apart from the

municipality and cannot sue or be sued."); see also N.Y. Gen. Municipal Law Sec. 2 ("The term

'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

Accordingly, DSS is dismissed as a defendant.

III.   Employment Discrimination, Retaliation and Hostile Work Environment Claims

Plaintiff's amended complaint contains eighteen causes of action against fourteen

defendants.  Eleven of the eighteen causes of action sound in employment discrimination,

retaliation, and hostile work environment (the "employment-related claims").  For the following

reasons, each of plaintiff's employment-related claims is dismissed.   However, because a liberal

reading of plaintiff's amended complaint indicates valid employment-related claims might be

stated, the Court sua sponte grants plaintiff leave to file a second amended complaint and replead

those claims she can allege truthfully and plausibly.

A.     Title VII Discrimination and Retaliation Claims

Defendants argue plaintiff's Title VII discrimination and retaliation claims must be

dismissed because (i) the individual defendants may not be held personally liable under Title

VII, and (ii) plaintiff has failed to allege she suffered from an adverse employment action.

The Court agrees.

First, "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995)). Thus, any Title VII claims may be asserted only against the County here.

Next, to state a Title VII discrimination claim, a plaintiff must "allege two elements: (1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015) (citing 42 U.S.C. § 2000e–2(a)(1)). "As to the first element, an employer discriminates against a plaintiff by taking an adverse employment action against [her]." Id. "An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. (internal quotation marks omitted). "Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation." Id. (internal quotation marks omitted).

Finally, to state a Title VII retaliation claim, a plaintiff "must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against [her], (2) 'because' [she] has opposed any unlawful employment practice." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d at 90 (citing 42 U.S.C. § 2000e–3(a)). In the context of a Title VII retaliation claim, "an adverse employment action is any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination.'" Id. (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006)). "As for causation, a plaintiff must plausibly plead a connection between the act and his engagement in protected

activity." Id. (citing 42 U.S.C. § 2000e–3(a)). "A retaliatory purpose can be shown indirectly by timing: protected activity followed closely in time by adverse employment action." Id.

Here, plaintiff alleges defendants "adversely impact[ed] plaintiff's employment, employment opportunities, promotional opportunities, and past and future wages . . . in retaliation for plaintiff exercising her rights under federal and state constitutional law" (Am. Compl. ¶ 54), but the amended complaint contains no well-pleaded factual allegations supporting this broad, conclusory statement, or how, exactly, defendants' actions adversely affected her employment. Plaintiff remains employed by DSS, and she alleges no facts suggesting, for example, that she was up for, but was denied, a particular promotion in a specific year. Likewise, the amended complaint is devoid of non-conclusory factual allegations suggesting she was retaliated against for filing her EEOC or NYSDHR complaints. (See Am. Compl. ¶ 132).

As a result, plaintiff's Title VII discrimination and retaliation claims are dismissed. However, as explained in greater detail below, because a liberal reading of plaintiff's amended complaint suggests she may be able to state valid Title VII claims, plaintiff is granted leave to replead these claims.

B.    New York Human Rights Law Retaliation Claim

Plaintiff's New York State Human Rights Law ("NYSHRL") retaliation claim also fails.

"The standards for evaluating . . . [a] retaliation claim[] are identical under Title VII and the NYSHRL. Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (citing Weinstock v. Columbia Univ, 224 F.3d 33, 42 n. 1 (2d Cir. 2000). However, unlike Title VII, certain individuals may be held liable under the NYSHRL, either directly as employers or indirectly as aider-abettors. A supervisor—that is, a person with the power to hire and fire plaintiff—may be held liable as an employer if he or she "actually

participates in the conduct giving rise to the discrimination." Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (internal quotations and alterations omitted).

As explained when addressing plaintiff's Title VII claims, plaintiff has failed to allege an adverse employment action sufficient to state a retaliation claim. Moreover, the amended complaint does not make clear who plaintiff's supervisors were or which defendants participated in the conduct giving rise to the discrimination. She has thus also insufficiently alleged a NYSHRL retaliation claim against any of the individual defendants.

Accordingly, plaintiff's NYSHRL retaliation claim is dismissed. However, because her amended complaint suggests she may be able to state a valid retaliation claim under NYSHRL, plaintiff may replead this claim.

C.      Section 1983 Claims Against the Individual Defendants

Defendants also argue plaintiff's Section 1983 claim must be dismissed against all of the individual defendants because plaintiff failed to allege their personal involvement in the actions giving rise to the claims.

The Court agrees.

"The Fourteenth Amendment provides public employees with the right to be 'free from discrimination.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015) (quoting Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006). "Consequently, public employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of state law." Id. (citing Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122–23 (2d Cir. 2004)). "To state a claim under § 1983, a plaintiff must allege two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed

by a person acting under color of state law.'"  Id. at 87–88 (quoting Feingold v. New York, 366

F.3d at 159).  "A state employee acting in his official capacity is acting under color of state law."

Id. (internal quotation marks omitted).

However, "[a]n individual may be held liable under . . . 1983 only if that individual is

'personally involved in the alleged deprivation.'"  Littlejohn v. City of New York, 795 F.3d 297,

314 (2d Cir. 2015) (quoting Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d at

127).

> A showing of personal involvement requires evidence that:
>
> (1) the defendant participated directly in the alleged constitutional violation, (2) the
> defendant, after being informed of the violation through a report or appeal, failed
> to remedy the wrong, (3) the defendant created a policy or custom under which
> unconstitutional practices occurred, or allowed the continuance of such a policy or
> custom, (4) the defendant was grossly negligent in supervising subordinates who
> committed the wrongful acts, or (5) the defendant exhibited deliberate indifference
> . . . by failing to act on information indicating that unconstitutional acts were
> occurring.

Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d at 127 (citing Colon v. Coughlin,

58 F.3d 865, 873 (2d Cir. 1995)).

Here, with one exception, plaintiff has not alleged any specific conduct attributable to

any of the individual defendants.   The only exception is plaintiff's allegation that Firestone

physically assaulted her in 2013 "arising out of the racial, gender, and religious animus held by

defendants."  (Am. Compl. ¶ 43).  However, even this allegation is vague—for example, it does

not explain what specific circumstances gave rise to this attack.  Furthermore, plaintiff does not

specifically allege which of the individual defendants were her supervisors or co-workers, or

what their relationship to plaintiff was, or is today.

As such, the allegations in the amended complaint are insufficient to state a Section 1983

claim against the individual defendants.  However, because a liberal reading of plaintiff's

amended complaint suggests she may be able to state a valid Section 1983 claim, plaintiff is granted leave to replead this claim.

D. Section 1983 Claims Against the County

To the extent plaintiff seeks to sue the County for discrimination, retaliation, or a hostile work environment under Section 1983, those claims also fail.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978) ("Monell"). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id.

To state a Monell claim, a plaintiff need not allege the policy or custom itself is unconstitutional; rather, liability exists when a municipal policy is valid but the municipality's actual practice is not. Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 125–26 (2d Cir. 2004) (practice of using excessive force can be basis for municipal liability even though city's policy on use of force is itself constitutional).

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. September 13, 2013)[1] (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)). "In other words, boilerplate allegations will not suffice." Id. (internal quotation

---

[1] Because plaintiff is proceeding pro se, she will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

marks omitted).  In sum, without more, "[t]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient."  Missel v. Cty. of Monroe, 351 F. App'x 543, 545-46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100-02 (2d Cir. 1993)).

Here, plaintiff has not alleged that there existed a policy or custom of discrimination against women, or people of plaintiff's race, national origin, or religion.  Instead, the amended complaint only contains allegations related to the treatment of plaintiff individually.

As a result, plaintiff's Monell claim is dismissed, but as with her Section 1983 claim against the individual defendants, plaintiff may replead this claim.

E.     Hostile Work Environment

Plaintiff's amended complaint also lacks sufficient detail to state a hostile work environment claim.

"To establish a hostile work environment under Title VII . . . or § 1983, a plaintiff must show that the 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  Littlejohn v. City of New York, 795 F.3d at 320–21 (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)).  However, to survive a motion to dismiss, "a plaintiff need only plead facts sufficient to support the conclusion that she was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.'"  Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (quoting Terry v. Ashcroft, 336 F.3d 128, 148 (2d Cir. 2003)).

"[A] work environment's hostility should be assessed based on the totality of the circumstances."  Patane v. Clark, 508 F.3d at 113 (internal quotation marks omitted).  "Factors

that a court might consider in assessing the totality of the circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." Id. (internal quotation marks omitted). "[W]hether a particular work environment is objectively hostile is necessarily a fact-intensive inquiry." Id. at 114.

Here, although plaintiff's amended complaint contains allegations that suggest the existence of a hostile work environment claim, it makes only generalized assertions against all "defendants" over broad periods of time. For example, plaintiff alleges she has been "admonished not to speak in Creole . . . admonished about her dress . . . and subjected to constant electronic monitoring of her work." (Am. Compl. ¶ 47). The amended complaint lacks any details about who made these remarks, when, how frequently, or whether it interfered with her performance.

Accordingly, plaintiff's hostile work environment claim is dismissed, but with leave to replead.

IV.     Remaining Constitutional Claims

Plaintiff also brings claims under the First and Fourteenth Amendments. For the following reasons, those claims are also dismissed but with leave to replead.

A.     First Amendment Claims

The First Amendment prohibits government officials from retaliating against a person for exercising her right to freedom of speech. Hartman v. Moore, 547 U.S. 250, 256 (2006). To prevail on a First Amendment retaliation claim, a plaintiff must offer evidence showing: (i) her speech was constitutionally protected; (ii) she suffered an adverse employment action; and

(iii) the speech at issue was a substantial or motivating factor in the decision to retaliate. See Morrison v. Johnson, 429 F.3d 48, 51 (2d Cir. 2005).

In the First Amendment retaliation context, employment action is adverse if it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Zelnick v. Fashion Inst. of Tech., 464 F.3d 217, 225 (2d Cir. 2006) (internal quotation marks omitted). "In this context, '[a]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.'" Id. at 226 (quoting Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999)). "This list of retaliatory conduct is certainly not exhaustive, however, and 'lesser actions may also be considered adverse employment actions.'" Id. (quoting Morris v. Lindau, 196 F.3d at 110). "Adverse employment actions may include negative evaluation letters, express accusations of lying, assignment of lunchroom duty, reduction of class preparation periods, failure to process teacher's insurance forms, transfer from library to classroom teaching as an alleged demotion, and assignment to classroom on fifth floor which aggravated teacher's physical disabilities." Id. (internal quotation marks omitted).

To state a First Amendment freedom of religion retaliation claim against a public official, a plaintiff "must plead and prove: (1) he engaged in speech protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) there was a resultant and "actual chill[ing]" of his exercise of that constitutional right." Rathbun v. DiLorenzo, 438 F. App'x 48, 49 (2d Cir. 2011) (Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001)).

Here, plaintiff alleges defendants violated her First Amendment rights to free speech by "minimizing, adversely addressing and stigmatizing plaintiff's dress and clothing," and that defendants' actions "ma[de] her weary and fearful of coming to work and caus[ed] her to take an

extended medical leave of absence." (Am. Compl. ¶¶ 102-03). In addition, plaintiff alleges defendants violated her right to freedom to exercise her religion by "significantly minimizing, adversely addressing and stigmatizing plaintiff['s] religious beliefs," and that this "instill[ed] in plaintiff the fear that her personal beliefs are illegal, inappropriate and not in conformity with the culture," and it made her "weary and fearful of coming to work and causing her to take an extended medical leave of absence." (Id. ¶¶ 106-08). These allegations are overly broad, conclusory, and generally insufficient to show an adverse employment action or an actual chilling of plaintiff's exercising her religion.

Accordingly, plaintiff's First Amendment claims are dismissed but, because the amended complaint suggests she may have an actionable First Amendment cause of action, she is granted leave to replead this claim.

      B.    <u>Fourteenth Amendment Procedural Due Process Claim</u>

"To state a cause of action under the due process clause, a plaintiff must show that she has a property interest, created by state law, in the employment or the benefit that was removed." <u>Bernheim v. Litt</u>, 79 F.3d 318, 322 (2d Cir. 1996). "If a protected interest exists, [the Court] must then determine whether the [employer] deprived [the plaintiff] of that interest without due process." <u>Strong v. Bd. of Educ. of Uniondale Union Free Sch. Dist.</u>, 902 F.2d 208, 211 (2d Cir. 1990).

Here, plaintiff has not alleged defendants denied her employment or any benefits that would give rise to a Fourteenth Amendment claim.

Accordingly, plaintiff's Fourteenth Amendment due process claim is dismissed but with leave to replead. However, plaintiff may replead this claim only if she can truthfully allege she was denied a benefit related to her employment without due process.

V.      Section 1981, 1982, 1985, and 1986 Claims

Plaintiff also brings causes of action under Sections 1981, 1982, 1985, and 1986 of Title 42 of the United States Code.  For the following reasons, each of these causes of action is dismissed with prejudice and <u>without</u> leave to replead.

A.      Sections 1981 and 1982

First, "[t]o establish a claim under § 1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)."  <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087 (2d Cir. 1993).  Section 1982 claims are evaluated under the same standard.  <u>See</u> <u>Puglisi v. Underhill Park Taxpayer Ass'n</u>, 947 F.Supp. 673, 699–700 (S.D.N.Y. 1996).

Plaintiff's amended complaint is devoid of any allegations suggesting defendants' alleged discrimination concerned any of the enumerated activities contained in the statute such as making and enforcing contracts, sue and be sued, etc. (Section 1981) or inherit, purchase, etc. property (Section 1982).

Accordingly, plaintiff's Section 1981 and 1982 claims are dismissed.  Because nothing in the amended complaint suggests she may have a valid claim under either Section 1981 or Section 1982, these claims are dismissed with prejudice and without leave to replead.

B.      Sections 1985 and 1986

Next, "[t]he four elements of a § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the

conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d at 1087–88 (citing <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. 825, 828–29 (1983)). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" <u>Id</u>. (quoting <u>United Bhd. of Carpenters, Local 610 v. Scott</u>, 463 U.S. at 829).

In addition, Section 1986 "provides a cause of action against anyone who 'having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so.'" <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d at 1088 (quoting <u>Katz v. Morgenthau</u>, 709 F.Supp. 1219, 1236 (S.D.N.Y.), <u>aff'd in part and rev'd in part on other grounds</u>, 892 F.2d 20 (2d Cir. 1989)). "Thus, a § 1986 claim must be predicated upon a valid § 1985 claim." <u>Id</u>. (citing <u>Dacey v. Dorsey</u>, 568 F.2d 275, 277 (2d Cir. 1978), <u>cert. denied</u>, 436 U.S. 906 (1978)).

However, "it is well settled that there can be no actionable conspiracy under the civil rights laws if the alleged conspirators are employees of a single organization and their alleged actions were taken in the course of their employment." <u>Ahmed v. Gelfand</u>, 160 F. Supp. 2d 408, 413 (E.D.N.Y. 2001).

Here, plaintiff's amended complaint fails to offer more than conclusory allegations of conspiracy, and all of the allegations are made against fellow employees of the County or DSS.

Accordingly, plaintiff's Sections 1985 or 1986 claims are dismissed with prejudice and without leave to replead.

VI.    Other State Law Claims

Finally, plaintiff has tacked on state law claims that bear little relation to the remainder of the allegations in her complaint. These claims are also dismissed.

A.    Assault and Battery Claim

Plaintiff's claim for "assault and battery" must also be dismissed. Under New York law, "an action to recover damages for assault" is covered by a one-year statute of limitations. CPLR § 215(3). Here, the assault of which plaintiff complains occurred in April 2013, well more than one year before she filed this action in June 2015.

Accordingly, plaintiff's assault and battery claim is dismissed with prejudice. Because amendment of this claim would be futile, she may not replead it.

B.    Intentional and Negligent Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under New York law, a plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121 (1993). "In practice, courts [tend] to focus on the outrageousness element, [which is the element] most susceptible to determination as a matter of law." Id. "The requirements of the rule are rigorous, and difficult to satisfy." Id. at 122 (internal quotation marks omitted). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (internal quotation marks omitted).

Likewise, a plaintiff alleging <u>negligent</u> infliction of emotional distress must plead "conduct that was so outrageous and extreme as to support a claim for emotional distress." <u>Acquista v. New York Life Ins. Co.</u>, 285 A.D.2d 73, 83 (1st Dep't 2001). In addition, "[i]n order to state a claim for negligent infliction of emotional distress, a plaintiff must allege that she was owed a duty, that the defendant breached that duty, and that the plaintiff suffered emotional injury as a result." <u>Fisk v. Letterman</u>, 424 F. Supp. 2d 670, 676 (S.D.N.Y. 2006) (quoting <u>Green v. Leibowitz</u>, 118 A.D.2d 756, 757 (2d Dep't 1986)). "In addition, the defendant's conduct must have unreasonably endangered the plaintiff's physical safety." <u>Id</u>.

Here, plaintiff's amended complaint provides only a summary description of defendants' conduct, and thus fails plausibly to allege that defendants acted outrageously.

Accordingly, plaintiff's claims for intentional and negligent infliction of emotional distress are dismissed. Plaintiff may replead these claims, but only if she can do so truthfully, understanding the difficulty of satisfying the rigorousness of the standards these claims require.

VII.    <u>Leave to Amend</u>

Rule 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to <u>pro se</u> litigants who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." <u>Matima v. Celli</u>, 228 F.3d 68, 81 (2d Cir. 2000) (quoting <u>Satchell v. Dilworth</u>, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [<u>pro se</u> complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when plaintiff is proceeding pro se.  See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, a liberal reading of the amended complaint indicates that valid Title VII, NYSHRL, Section 1983, First Amendment, Fourteenth Amendment, and intentional and negligent infliction of emotional distress claims may be stated.

However, granting plaintiff leave to amend the remainder of her claims would be futile. That is because, as explained above, plaintiff's claims under Sections 1981, 1982, 1985, and 1986, and for assault and battery, are legally deficient or barred by the statute of limitations, and amendment could not cure those defects.

Accordingly, plaintiff is granted leave to file a second amended complaint asserting **only claims for violations of Title VII, NYSHRL, Section 1983, the First and Fourteenth Amendments, and for intentional and negligent infliction of emotional distress**.[2]

Plaintiff is reminded that any factual allegation in the second amended complaint must be true to the best of her knowledge, information, and belief.  See Fed. R. Civ. P. 11(b)(3).  In the

---

[2]    The Court notes that plaintiff previously sought leave to file a second amended complaint, but by Order dated May 4, 2017, the Court denied that motion without prejudice. (Doc. #58).  The Court's May 4, 2017, Order instructed plaintiff that "[i]f plaintiff still wishes to seek leave to file a second amended complaint, she shall make that application separate and apart and in addition to her opposition to defendants' motion," and "[a]ny such application must include, at a minimum, a copy of the proposed second amended complaint and a detailed explanation for why plaintiff believes amendment is necessary."  (Doc. #58).  Plaintiff did not move for leave to file a second amended complaint.  Nevertheless, the Court concludes that because plaintiff is proceeding pro se and because it appears she may be able to state some valid claims—once properly pleaded—the Court now sua sponte grants plaintiff leave to file a second amended complaint despite her failure to move for permission to do so.

second amended complaint, plaintiff shall clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts.

To the greatest extent possible, plaintiff's second amended complaint must address the deficiencies identified in this Opinion and Order and must:

1.  give the names and titles of all relevant persons and state their professional relationship to plaintiff (e.g., direct supervisor for a particular time period);

2.  describe all relevant events, stating the facts that support plaintiff's case including what each defendant did or failed to do;

3.  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

4.  give the location where each relevant event occurred;

5.  describe how each defendant's acts or omissions violated plaintiff's rights and describe the injuries plaintiff suffered; and

6.  state what relief plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of plaintiff's second amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why plaintiff is entitled to relief.

**The second amended complaint will completely replace, not supplement, the existing complaint.  Therefore, plaintiff must include in the second amended complaint all information necessary for her claims.**

Finally, as mentioned in the Court's May 4, 2017, Order, the Court strongly encourages plaintiff to contact the NYLAG Legal Clinic for Pro Se Litigants for assistance (although not legal representation) in this case. (See Doc. #58).

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

Plaintiff is granted leave to amend her claims for violations of Title VII, NYSHRL, Section 1983, the First and Fourteenth Amendments, and for intentional and negligent infliction of emotional distress. The remainder of plaintiff's claims may not be repleaded. In addition, DSS may not be named as a defendant in the second amended complaint.

**Plaintiff shall file her second amended complaint by no later than December 1, 2017. If plaintiff fails to comply with this Order, the case may be dismissed for failure to prosecute or failure to comply with a court order. Fed. R. Civ. P. 41(b).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #51) and terminate the Department of Social Services as a defendant.

Dated: October 25, 2017
      White Plains, NY               SO ORDERED:

                                      Vincent L. Briccetti
                                      United States District Judge