UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MARIE BREVIL,
                Plaintiff,

v.

COUNTY OF ROCKLAND, ED DAY, SCOTT
VANDERHOEF, JUNE GRAY, ROCKLAND
COUNTY DEPARTMENT OF SOCIAL
SERVICES, SUSAN SHERWOOD, JOAN
SILVESTRI, BARBARA GAVIN, JOSEPH
FILIPPONE, CARLA ORTIZ, P.T. THOMAS,
SCOTT FIRESTONE, RAM NAGUBANDI, and
JOHN FELLA,
                Defendants.
--------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7-17-18

**ORDER OF DISMISSAL**

15 CV 5103 (VB)

Briccetti, J.:

    Plaintiff, who is proceeding pro se, first sought leave to file a second amended complaint on April 28, 2017 (Doc. #55), in lieu of opposing defendants' then-pending motion to dismiss (Doc. #51). The Court denied plaintiff's motion without prejudice, and instructed plaintiff to submit a separate application with a copy of the proposed second amended complaint and a detailed explanation for why plaintiff believed amendment was necessary. (Doc. #58). Thereafter, plaintiff did not move for leave to file a second amended complaint.

    On October 25, 2017, the Court granted defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #64). In light of plaintiff's pro se status, the Court sua sponte granted plaintiff leave to file a second amended complaint asserting claims for violations of Title VII, New York State Human Rights Law, Section 1983, the First and Fourteenth Amendments, and for intentional and negligent infliction of emotional distress. (Id. at 19 n.2).

On November 30, 2017, plaintiff submitted the first of six requests for extensions of time to file her second amended complaint. (Docs. ##65, 67, 69, 71, 73, 76). In each of her requests, plaintiff cited the need to recover from medical procedures and obtain assistance from the NYLAG Legal Clinic for Pro Se Litigants. (See, e.g., Doc. # 65).

The Court granted plaintiff's first four requests, which were all unopposed. (Docs. ##66, 68, 70, 72). Defendants opposed plaintiff's fifth request (Doc. #74), but the Court granted it as well (Doc. #75).

By Order dated May 22, 2018, the Court granted plaintiff's sixth request for an extension of time, until June 8, 2018. (Doc. #77). However, the Court stated this was plaintiff's final extension, finding, "defendants, just like the plaintiff, are entitled to a 'just, speedy, and inexpensive' adjudication of this case." (Doc. #77 (quoting Fed. R. Civ. P. 1)). The Court warned plaintiff that failure to file her second amended complaint by June 8, 2018, may result in dismissal of the case for failure to prosecute or comply with a Court order, pursuant to Fed. R. Civ. 41(b).

Plaintiff did not file a second amended complaint or seek further extension by June 8, 2018. However, because the Court was reluctant to dismiss a case for failure to comply with scheduling orders rather than on the merits, the Court sua sponte extended plaintiff's time to file her second amended complaint to July 3, 2018. (Doc. #78).

The Court also warned plaintiff, in bold and underlined font, that if she failed to file her second amended complaint by July 3, 2018, the Court would dismiss the case for failure to prosecute and to comply with a Court order, pursuant to Fed. R. Civ. 41(b). (Doc. #78). Moreover, the Court warned plaintiff the dismissal would operate as an adjudication on the merits. (Id.).

To date, plaintiff has not filed a second amended complaint. The Court has now granted plaintiff seven extensions of time to file her second amended complaint, the case is over three years old, and it has been over eight months since the Court sua sponte granted plaintiff leave to file a second amended complaint.

As a result, the Court concludes plaintiff has abandoned this case.

Accordingly, having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute and failure to comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is instructed to (i) close this case and (ii) mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 17, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge